```
 1                  UNITED STATES DISTRICT COURT

 2                            FOR THE

 3                  DISTRICT OF SOUTH CAROLINA

 4                     SPARTANBURG DIVISION

 5    * * * * * * * * * * * * * *
      UNITED STATES OF AMERICA,    * CRIMINAL NO. 7:23-CR-0155
 6                                 * SEPTEMBER 07, 2023 1:33 P.M.
                                   * GUILTY PLEA HEARING
 7                Plaintiff,       *
                                   *
 8    vs.                          *
                                   *
 9    WILLIAM MICHAEL HALL,        * Before:
                                   * HONORABLE DONALD C. COGGINS, JR.
10                                 * UNITED STATES DISTRICT JUDGE
                     Defendant.    * DISTRICT OF SOUTH CAROLINA
11    * * * * * * * * * * * * * *
      APPEARANCES:
12
      For the Plaintiff:       CARRIE FISHER SHERARD, AUSA
13                             United States Attorneys Office
                               55 Beattie Place, Suite 700
14                             Greenville, SC  29601

15

16    For Defendant William Michael Hall:

17                             D. JOSEV BREWER, ESQUIRE
                               The Law Office of Josev Brewer
18                             650 E Washington Street
                               Greenville, SC  29601
19

20

21    Court Reporter:         Michele E. Becker, RMR, CRR, RPR
                              250 E North Street
22                            Greenville, SC  29601
                              (864) 905-8888
23
      Proceedings recorded by mechanical stenography, transcript
24    produced by computer.

25
```

1    P R O C E E D I N G S

2    (Court convened at 1:33 p.m.)

3        THE COURT:  All right.  Ms. Sherard.

4        MS. SHERARD:  Good afternoon.  May it please the

5    Court, Your Honor.  We are here on United States versus

6    William Michael Hall.  That's Criminal Number 7:23-155.  And

7    Mr. Hall is here for a change of plea.

8        THE COURT:  All right.  Mr. Brewer.

9        MR. BREWER:  Good afternoon.  May it please the

10   court, Your Honor.  This is Mr. Hall.  And we are here to

11   plead guilty today.  The parties have filed a signed and

12   executed plea agreement previously.

13       THE COURT:  All right.  Madam Clerk, would you swear

14   Mr. Hall, please.

15       THE CLERK:  Please stand and raise your right hand.

16       (Whereupon, the defendant is duly sworn.)

17       MR. BREWER:  Yes ma'am.

18       THE COURT:  Thank you, sir.  Mr. Hall, it's my

19   understanding that you're going to change your plea and enter

20   a guilty plea this afternoon; is that correct?

21       THE DEFENDANT:  Yes, sir.

22       THE COURT:  All right.  Thank you, sir.

23       Mr. Brewer, have you had sufficient time to confer

24   with Mr. Hall about this case?

25       MR. BREWER:  Yes, Your Honor.

1          **THE COURT:**  Have you explained his Constitutional

2  rights to him and the court process?

3          **MR. BREWER:**  I have.

4          **THE COURT:**  And do you believe he understands what

5  he's doing today?

6          **MR. BREWER:**  I do.

7          **THE COURT:**  All right.  Mr. Hall, before I can

8  accept your guilty plea, it's necessary for me to make sure

9  you're pleading guilty freely, voluntarily, and knowingly,

10  because by pleading guilty you're going to be giving up

11  certain important Constitutional rights and possible legal

12  defenses that you might have under the law.  For me to make

13  that determination there are a number of questions I'll need

14  to ask you this afternoon.  It's very important that you

15  listen carefully to all of my questions and everything else

16  that is said during the hearing.  If at any time I give you

17  information during this hearing that is different than what

18  someone else may have told you, even if it's different than

19  what Mr. Brewer has told you, you need to rely upon what I

20  tell you.  Do you understand that?

21          **THE DEFENDANT:**  Yes, sir.

22          **THE COURT:**  All right.  If I ask you a question that

23  you don't understand, or if I use a word or phrase that you

24  don't understand, please stop me and I'll be happy to rephrase

25  my question or explain it to you.  If you don't say anything,

1    I'm going to presume that you understood all of my questions

2    and everything else that was said during the hearing.  At any

3    time during this questioning if you feel it's necessary to

4    speak privately with your attorney, all you need to do is let

5    me know and I'll be happy to give you that opportunity.  Do

6    you understand that?

7          **THE DEFENDANT:**  Yes, sir.

8          **THE COURT:**  All right.  Now, you've been placed

9    under oath.  Everything you tell me from here on out is

10    material to your case so that if you answer any of my

11    questionings falsely, those false answers could be used

12    against you in a later proceeding which could include

13    prosecution for perjury or making false statements to the

14    Court.  Do you understand that?

15          **THE DEFENDANT:**  Yes, sir.

16          **THE COURT:**  Okay.  And you are William Michael Hall?

17          **THE DEFENDANT:**  Yes, sir.

18          **THE COURT:**  How old are you, Mr. Hall?

19          **THE DEFENDANT:**  I'm 40.

20          **THE COURT:**  And how far did you go in school?

21          **THE DEFENDANT:**  Ninth grade.

22          **THE COURT:**  And where were you born?

23          **THE DEFENDANT:**  At Spartanburg Regional.

24          **THE COURT:**  Okay.  All right.  And do you have any

25    difficulty whatsoever understanding or communicating in the

1  English language?

2          THE DEFENDANT:  No, sir.

3          THE COURT:  Mr. Hall, have you used any alcohol or

4  drugs within the last 24 hours?

5          THE DEFENDANT:  No, sir.

6          THE COURT:  As you stand here today, are you under

7  the influence of any type of alcohol, drug, medication, or any

8  other substance or any medical conditions whether mental,

9  physical, or emotional that would affect your ability to

10 understand what you're doing?

11         THE DEFENDANT:  No, sir, Judge.  Blood pressure

12 medication, that's all.

13         THE COURT:  Okay.  And you take that regularly?

14         THE DEFENDANT:  Yes.  Every day.

15         THE COURT:  All right.  That doesn't affect your

16 thinking or anything, does it?

17         THE DEFENDANT:  No, sir.

18         THE COURT:  Okay.  Based upon Mr. Hall's appearance,

19 his demeanor, and his answers to my questions thus far, I do

20 not believe that he is impaired in any way.

21         Mr. Hall, are there any medications that have been

22 prescribed for you by a doctor that you're supposed to be

23 taking but you're not currently taking?

24         THE DEFENDANT:  No, sir.  They just prescribed for

25 me to take the blood pressure medicine that they've been

1    giving me, but that's about it.

2         THE COURT:  All right.  And you are taking that,

3    correct?

4         THE DEFENDANT:  Yes, sir.

5         THE COURT:  Okay.  Have you ever been treated for

6    any type of mental illness?

7         THE DEFENDANT:  Not -- probably when I was younger,

8    but not since I've been an adult or nothing.

9         THE COURT:  Okay.  Do you suffer from any type of

10   mental illness that would affect your judgment or your ability

11   to understand what you're doing today?

12        THE DEFENDANT:  No, sir.

13        THE COURT:  Okay.  Have you ever been treated for

14   any type of addiction to narcotic drugs?

15        THE DEFENDANT:  Yes, sir.

16        THE COURT:  When was that?

17        THE DEFENDANT:  Well, I took a drug program class

18   and alcohol classes.  It's been some years ago.

19        THE COURT:  Okay.  And with respect to your

20   situation today, you've told me that you haven't taken any

21   type of drugs or other substances; is that correct?

22        THE DEFENDANT:  Correct.

23        THE COURT:  And as far as any prior addiction or

24   prior treatment, none of that affects your ability to think or

25   your judgment today; is that right?

1          THE DEFENDANT:  No, sir.

2          THE COURT:  Okay.  All right.  Have you recently

3   been seen by any type of doctor, psychiatrist, psychologist,

4   or other mental health professional?

5          THE DEFENDANT:  No, sir.

6          THE COURT:  Are you satisfied with the services of

7   your attorney?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  And have you had sufficient time to meet

10  with him to discuss your case?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Has he advised you of your rights and

13  explained the Court process to you?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Specifically, has he talked to you about

16  the possible consequences of this hearing, that is

17  consequences of you pleading guilty?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  And have you told him everything that

20  you want or need to tell him about your case?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  Is there anything that you would like

23  for him to do for you at this time before we proceed any

24  further?

25         THE DEFENDANT:  No, sir.

1          **THE COURT:** Has he done everything you've asked him

2   to do for you?

3          **THE DEFENDANT:** Yes, sir.

4          **THE COURT:** Do you authorize him to speak on your

5   behalf during the hearing?

6          **THE DEFENDANT:** Yes, sir.

7          **THE COURT:** All right. Mr. Brewer, taking into

8   consideration everything you know about this case, do you

9   agree with Mr. Hall's decision to plead guilty?

10          **MR. BREWER:** I do, Your Honor.

11          **THE COURT:** All right. Do you have any concerns

12   about his competence to make that decision?

13          **MR. BREWER:** None at all.

14          **THE COURT:** All right. Any concerns as to

15   competency from the government?

16          **MS. SHERARD:** No, Your Honor.

17          **THE COURT:** All right. I find the defendant,

18   William Michael Hall, is competent to plead guilty to the

19   charges against him and I so find for purposes of this record.

20          Now, Mr. Hall, it's my understanding from your plea

21   agreement that you are offering to plead guilty to Count 1 of

22   the indictment. The indictment is simply the written document

23   that the government uses to charge you with a crime. It's not

24   proof of anything. It's not evidence of anything. It's just

25   where the government puts in writing what they believe they

1   can prove you did that was in violation of the law.  Have you

2   received a copy of the indictment and had an opportunity to

3   review it with your attorney?

4           THE DEFENDANT:  Yes, sir.

5           THE COURT:  Has Mr. Brewer gone over it with you and

6   explained it to you?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  Answered any questions you had

9   concerning it?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Do you believe you understand the

12  charges that have been made against you?

13          THE DEFENDANT:  I understand.

14          THE COURT:  All right, sir.  In order for me to

15  establish for the record that you understand the charges

16  against you, specifically those in Count 1 that you're

17  offering to plead guilty to, as well as the legal elements of

18  that crime that the government would have to prove if you went

19  to trial and the penalties you may face upon conviction,

20  whether it be by a jury verdict or by you pleading guilty, I'm

21  going to have the assistant U.S. attorney run through that

22  with you.

23          If you have a copy of your plea agreement in front

24  of you, I believe that information can be found in paragraph 1

25  on pages 1 and 2.  If you would please listen carefully and

1  follow along as she goes through that information.

2        Ms. Sherard.

3        **MS. SHERARD:**  Your Honor, with respect to Count 1,

4  the grand jury charges that beginning at a time unknown to the

5  grand jury but beginning at least in or around January 2021,

6  and continuing thereafter up to and including the date of this

7  indictment in the District of South Carolina, the defendant

8  Michael -- William Michael Hall, a/k/a Big Mike, and Theodore

9  Sims knowingly and intentionally did combine to conspire and

10  agree and have a tacit understanding with each other and with

11  others both known and unknown to the grand jury to knowingly,

12  intentionally, and unlawfully possess with intent to

13  distribute methamphetamine and Fentanyl, both Schedule II

14  controlled substances.

15        With respect to the defendant, Mr. Hall, the amount

16  involved in the conspiracy attributable to him as a result of

17  his own conduct and the conduct of others, conspirators

18  reasonably foreseeable to him, is 50 grams or more of

19  methamphetamine, and 400 grams or more of fentanyl, in

20  violation of Title 21 U.S. Code Sections 841(a)(1),

21  841(b)(1)(A), and all in violation of Title 21 U.S.C. Section

22  846.

23        With respect to the drug trafficking conspiracy, the

24  government bears the burden of proving the following elements

25  that are also set forth in his plea agreement:  One, that

1    there was an agreement between two or more persons to possess

2    with intent to distribute and to distribute the controlled

3    substances alleged in the indictment; two, that the Defendant

4    knew of this agreement and conspiracy; three, that Defendant

5    knowingly and voluntarily participated in or became a part of

6    this agreement or conspiracy; and lastly, that the type and

7    quantity of drugs -- of controlled substances attributable to

8    the defendant are as follows.  And we just went over that with

9    respect to Mr. Hall.  He is pleading guilty to what we call

10   (b)(1)(A) weight, which in this case is 50 grams or more of

11   methamphetamine, and 400 grams or more of fentanyl.

12        And with respect to those specific drug weights, the

13   actual possible penalties are as follows:  There's a minimum

14   term of imprisonment of ten years with a maximum of life, no

15   probation, no parole, a fine of up to 10 million dollars, and

16   supervised release of at least five years, in addition to any

17   term of imprisonment, plus the mandatory special assessment of

18   $100.  And it should be noted that this reflects that the

19   government is withdrawing the sentencing enhancement

20   previously filed under Section 841.

21        **THE COURT:**  All right.  Mr. Hall, did you listen

22   carefully to the information presented regarding the charge,

23   the elements, and the penalties?

24        **THE DEFENDANT:**  Yes, sir.

25        **THE COURT:**  And did you understand what the

1    prosecutor said about that?

2         **THE DEFENDANT:**  Yes, sir.

3         **THE COURT:**  Understanding all of that do you still

4    wish to plead guilty?

5         **THE DEFENDANT:**  Yes, sir.

6         **THE COURT:**  All right, sir.  The Court finds for the

7    record that the defendant, William Michael Hall, fully

8    comprehends and understands the nature of the charges against

9    him and generally what elements the government would have to

10   prove if a trial were held, as well as the penalties

11   associated with the offense.

12         Now Mr. Hall, as I indicated earlier, by pleading

13   guilty to this charge you're going to be giving up certain

14   important rights and possible legal defenses that you may have

15   under the law.  And I want to briefly go over those with you.

16         Under the Constitution and laws of the United States

17   you have a right to plead not guilty.  And if you plead not

18   guilty you are entitled to a public and speedy trial by a jury

19   on the charges contained in the indictment.  It does not

20   matter to me whether you choose to plead guilty or not guilty.

21   If you were to decide to plead not guilty and you request a

22   trial by jury, you will also be entitled to a number of

23   procedural rights as a defendant in a criminal case.  You will

24   have the right to the assistance of counsel for your defense

25   at every stage of the case.  If you cannot afford an attorney,

1    one will be appointed for you without cost to you.  Of course

2    you're currently being represented be very experienced and

3    competent counsel, and I would expect that Mr. Brewer would

4    stay with you throughout the trial of your case.  There's no

5    burden of proof upon you whatsoever.  You're presumed innocent

6    of any and all charges until and unless the government proves

7    you guilty of each and every element of the offense beyond and

8    a reasonable doubt.  You would be presumed innocent.  The

9    government would be required to prove you guilty by competent

10   evidence and beyond a reasonable doubt before you could be

11   found guilty, and you would not have to prove your innocence.

12          The witnesses for the government would have to come

13   here to court and testify in your presence, and your attorney

14   could cross-examine those witnesses, and he could also object

15   to other evidence being offered by the government in its case.

16   And while there's no burden of proof upon you, if you so chose

17   your attorney could offer evidence in your defense.  Likewise,

18   while there's no burden of proof upon you, if a trial were

19   held you would have the right to testify in your defense if

20   you chose to do so.  However, you would also have the absolute

21   right not to testify.  And if you decided not to testify, I

22   would specifically inform and instruct the jury that no

23   inference or suggestion of guilt whatsoever could be drawn

24   from the fact that you did not testify.  You would have the

25   right to the issuance of subpoenas, compel the attendance of

1    witnesses to come here and testify in your defense, and compel

2    the production of other evidence for your defense.  And while

3    there's no burden of proof upon you, if a trial were held and

4    you had persons that you wanted to come here to court to

5    testify on your behalf, this Court will assist you and your

6    attorney in having those witnesses brought here to court.

7              Finally, if a trial were held, in order for you to

8    be found guilty the jury would have to reach a unanimous

9    verdict by all of the jury members.

10             Now, Mr. Hall, do you understand these important

11   rights as I have outlined them for you?

12             **THE DEFENDANT:**  Yes, sir.

13             **THE COURT:**  If you plead guilty and I accept your

14   plea, you will be giving up your right to a jury trial and all

15   of these other rights I just went over with you.  There will

16   be no trial, and I will enter a judgment of guilt and sentence

17   you on the basis of your guilty plea.  Do you understand that?

18             **THE DEFENDANT:**  Yes, sir.

19             **THE COURT:**  If you plead guilty, you will also have

20   to give up your right not to incriminate yourself, because

21   I'll ask you questions about what you did in order to satisfy

22   myself that you are in fact guilty as charged, and you have to

23   admit and acknowledge your guilt.  Do you understand that?

24             **THE DEFENDANT:**  Yes, sir.

25             **THE COURT:**  Now, Mr. Hall, given the nature of this

1  case, I'm not sure that restitution would be an issue.  But if

2  restitution is an issue in your case and you plead guilty and

3  I accept that plea, you may be required to make restitution to

4  a victim or victims of your acts, either the payment of money

5  or in personal services as may be directed by this Court.  If

6  such restitution is ordered, your failure to comply may be the

7  basis for revoking any period of supervised release that could

8  be imposed as a part of your sentence.  Do you understand

9  that?

10         **THE DEFENDANT:**  Yes, sir.

11         **THE COURT:**  Now, Mr. Hall, the offense to which you

12  are offering to plead guilty is a felony offense.  If your

13  plea is accepted you may be deprived of valuable civil rights,

14  such as the right to vote, to hold public office, to serve on

15  a jury, and possess any kind of a firearm.  It may also affect

16  your ability to receive certain government benefits.  Do you

17  understand that?

18         **THE DEFENDANT:**  Yes, sir.

19         **THE COURT:**  The offense to which you are pleading

20  guilty carries a maximum sentence of 20 years or more, and

21  this one does.  You would be statutorily ineligible for any

22  type of probationary sentence.  Do you understand that?

23         **THE DEFENDANT:**  Yes, sir.

24         **THE COURT:**  If forfeiture is an issue in the case,

25  and in view of the nature of this case it may be, and we'll go

1   over your plea agreement here in a few moments, but if
2   forfeiture is an issue in your case and I accept your plea, I
3   can order you to forfeit certain property to the government.
4   Do you understand that?

5           THE DEFENDANT:  Yes, sir.

6           THE COURT:  If you plead guilty the Court is
7   obligated to impose a mandatory special assessment fee as to
8   each count of the indictment that you are admitting to.  That
9   fee is payable immediately upon sentencing.  That's that
10  mandatory assessment of 100 dollars.  Do you understand that?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  If you plead guilty or if you are
13  convicted by a jury after a trial, then I will have to
14  determine the appropriate sentence to be imposed in your case.
15  In making a determination of the appropriate sentence, I'm
16  required to consider the statutory sentencing factors set out
17  by Congress in Section 3553(a) in Title 18 of the United
18  States Code, as well as the advisory sentencing guidelines
19  issued by the United States Sentencing Guidelines Commission.
20  Those guidelines are used as a starting point in determining
21  your sentence.  The Court is obligated to calculate the
22  applicable guideline range and to consider that range, as well
23  as any possible departures or variances under the sentencing
24  guidelines and those other factors under 18 U.S.C. Section
25  3553(A).  In addition, the Court will consider the purposes of

1  sentencing which include punishment, deterrence,

2  incapacitation, and rehabilitation in making its determination

3  of an appropriate sentence.  Do you understand?

4             THE DEFENDANT:  Yes, sir.

5             THE COURT:  Now, Mr. Hall, have you and Mr. Brewer

6  talked about how the statutory factors and advisory guidelines

7  might affect your sentence in this case?

8             THE DEFENDANT:  Yes, sir.

9             THE COURT:  You understand that I will not be able

10  to determine the guideline range that applies to your case

11  until after the presentence report has been completed, and

12  both you and the government have had an opportunity to review

13  that report and to challenge the reported facts and

14  application of the guidelines as recommended by the probation

15  officer who prepared the report.

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  Do you understand that even after it's

18  been determined what guidelines apply to your case, I have the

19  authority to impose a sentence that is more severe or less

20  severe than the sentence called for by the guidelines because

21  those guidelines are only advisory?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  Do you understand that any sentence that

24  I may ultimately impose may be different from and possibly

25  greater than any estimate your attorney or anyone else may

1  have given you?

2    **THE DEFENDANT:**  Yes, sir.

3    **THE COURT:**  In calculating the range of sentence

4  under the advisory guidelines and determining an appropriate

5  sentence, this Court will take into account all conduct,

6  circumstances, and injuries associated with your criminal

7  conduct, whether or not this conduct is formally charged by

8  the government or is included in the counts you are admitting

9  to in the indictment.  The Court will consider all relevant

10  conduct at the time of your sentencing.  There is no

11  limitation on the information this Court can consider at the

12  time of sentencing concerning your background, your character,

13  and your conduct, so long as that information is reliable.  I

14  will take all of the factors and all this information into

15  consideration in determining an appropriate sentence in your

16  particular case.  Do you understand?

17    **THE DEFENDANT:**  Yes, sir.

18    **THE COURT:**  Do you understand that parole has been

19  abolished, and if you are sentenced to prison you will not be

20  released early on parole?,

21    **THE DEFENDANT:**  Yes, sir.

22    **THE COURT:**  All right.  You have entered into a

23  written plea agreement with the government, and I want to go

24  over that with you at this time.

25    And Mr. Brewer, does Mr. Hall have a copy there in

1   front of him?

2            **MR. BREWER:**  He does, Your Honor.

3            **THE COURT:**  All right.

4            Mr. Hall, if you will look at the last page of the

5   agreement, I believe it's page 7.  There is a signature line

6   or there's several signature lines, but the very first one at

7   the top there is from William Michael Hall, defendant.  Is

8   that your signature?

9            **THE DEFENDANT:**  Yes, sir.

10           **THE COURT:**  And over to the left it gives the date

11  of August 15th, 2023.  Did you sign this document on that

12  date?

13           **THE DEFENDANT:**  Yes, sir.

14           **THE COURT:**  Now, Mr. Hall, prior to your signing

15  this agreement, did you have a full and complete opportunity

16  to review it, study it, and go over it with your attorney?

17           **THE DEFENDANT:**  Yes, sir.

18           **THE COURT:**  And did Mr. Brewer explain the agreement

19  to you and answer any questions you had concerning this?

20           **THE DEFENDANT:**  Yes, sir.

21           **THE COURT:**  Do you believe that you understand each

22  and every provision of this plea agreement?

23           **THE DEFENDANT:**  Yes, sir.

24           **THE COURT:**  When you signed it did you enter into it

25  freely, voluntarily, and knowingly?

1       **THE DEFENDANT:** Yes, sir.

2       **THE COURT:** All right. Mr. Hall, in order to

3   establish for the record that your understanding of this

4   agreement is the same as the government's, in other words,

5   that you-all had a meeting of the minds as to these

6   provisions, I'm going to have the assistant U.S. attorney

7   briefly go through these provisions in your plea agreement.

8   I'm going to ask you to follow along as she does so.

9       Now, paragraph one of the plea agreement relates to

10  the charge, the elements, and the penalties. We've already

11  gone over that, so I'm going to ask her to begin with

12  paragraph 2 on page 2. Ms. Sherad.

13      **MS. SHERARD:** Your Honor, with respect to paragraph

14  2, the defendant understands that certain monetary penalties

15  may be imposed by the Court.

16      Specifically in paragraph 3 it goes on to talk about

17  the special assessment which we've already advised him of, of

18  $100, for each felony count. Restitution should not be

19  applicable in this case. But a fine is referenced in

20  SubParagraph B and could be applicable.

21      In paragraph 4, provided the defendant complies with

22  all the terms of the plea agreement, the U.S. has agreed to

23  dismiss the remaining counts of the indictment at sentencing,

24  but he understands that the Court may consider those dismissed

25  counts as relevant conduct. It also provides that that --

1   again, assuming he complies with all terms of the plea

2   agreement, we're agreeing to withdraw that sentencing

3   enhancement with respect to the 851 of the prior conviction.

4         In paragraph 5 on page 4 the defendant understands

5   that obligations of the government set forth here in the plea

6   agreement are expressly contingent upon him abiding by federal

7   and state law on any bond executed in this case.  In the event

8   that he fails to comply with the provisions of the plea

9   agreement, the government would have the right at its sole

10   election to void its obligations under the plea agreement, and

11   the defendant will not have the right to withdraw his guilty

12   plea.

13         In paragraph 6 the defendant agrees to the

14   forfeiture, which in this case it appears to be a money

15   judgment potentially for any proceeds generated by the drug

16   trafficking.

17         In paragraph 7 he agrees to voluntarily transfer

18   any title or interest in claim in any property to the

19   United States that is identified.

20         In paragraph 8 on page 6 the defendant represents

21   that he is satisfied with his attorney in this case.

22         And paragraph 9, that contains the appeal and

23   collateral attack waiver in which he understands that

24   defendants have the right to appeal and collaterally attack

25   their conviction or sentence, but acknowledging those rights

1   in exchange for the concessions made by the government in the

2   plea agreement, he's waiving those rights to contest his

3   conviction or sentence in any direct appeal, or collateral

4   attack, or habeas proceeding under 28 U.S.C. Section 2255.

5   But he also understands that the waiver with respect to this

6   provision does not apply to claims of infective assistance of

7   counsel, prosecutorial misconduct, or future changes in the

8   law that affect his sentence.

9           In paragraph 10 he is waiving his right to receive

10  information under the Freedom of Information Act with respect

11  to this case.

12          And in paragraph 11 the parties agree that the

13  written plea agreement contains the entire agreement.

14          **THE COURT:**  Thank you.  All right.

15          Mr. Hall, did you listen carefully and follow along

16  as the prosecutor went through the material provisions of your

17  plea agreement?

18          **THE DEFENDANT:**  Yes, sir.

19          **THE COURT:**  And did you understand her description

20  of those provisions?

21          **THE DEFENDANT:**  Yes, sir.

22          **THE COURT:**  And was her description of those

23  provisions consistent with your understanding of this

24  agreement?

25          **THE DEFENDANT:**  Yes, sir.

1      **THE COURT:** All right. Specifically with respect to

2  paragraph 9, let me ask you about that one in particular.

3  That's what's generally known as an appellate waiver. And

4  basically what that paragraph says is that you understand that

5  federal law gives you like every criminal defendant the right

6  to contest your conviction or sentence by way of a direct

7  appeal or certain post conviction relief proceedings,

8  specifically one under 28 U.S.C. Section 2255. In this

9  paragraph you're saying that in exchange for the concessions

10 being made by the government, principally among those their

11 dismissal of the remaining count of the indictment and their

12 withdrawal of the 851 enhancement related to your prior

13 conviction or convictions, that in exchange for that you are

14 waiving your right to any direct appeal or post conviction

15 relief proceeding including the 2255 proceeding. That waiver

16 is subject only to exceptions for prosecutorial misconduct,

17 claims of infectiveness of counsel, or if the law were to

18 change at some point after you're sentenced in a way that

19 would affect your sentence. Do you understand that?

20      **THE DEFENDANT:** Yes, sir.

21      **THE COURT:** All right. Understanding all of that do

22 you want me to approve and accept the plea agreement?

23      **THE DEFENDANT:** Yes, sir.

24      **THE COURT:** Okay. Mr. Hall, has anyone made you any

25 promises or guarantees to you about what sentence you would

1    receive or about anything else for that matter in order to get

2    you to plead guilty?

3         **THE DEFENDANT:**  No, sir.

4         **THE COURT:**  Anybody threaten you or pressured you or

5    coerced you in any way to get you to plead guilty?

6         **THE DEFENDANT:**  No, sir.

7         **THE COURT:**  Are you pleading guilty of your own free

8    will because you are in fact guilty?

9         **THE DEFENDANT:**  Yes, sir.

10        **THE COURT:**  All right.  If you plead guilty and I

11   accept your plea, the law provides that upon your release from

12   any period of incarceration you will be subject to a term of

13   supervised release.  When you're placed on supervised release,

14   you'll be under an order of this Court that prescribes the

15   rules for your behavior during that time of supervised

16   release.  If you violate any term or condition of supervised

17   release, that is, any term or condition that the court

18   ordered, you could be given additional time in prison.  Do you

19   understand that?

20        **THE DEFENDANT:**  Yes, sir.

21        **THE COURT:**  All right.  Okay.  At this time it's

22   necessary for me to establish for the record that there is a

23   factual basis for the event that you are offering to plead

24   guilty to, and so I'm going to ask the assistant U.S. attorney

25   to briefly summarize the facts and evidence that the

1   government believes they could present to a jury about what

2   you did in this case.  In other words, what they believe they

3   could prove that you did that would be in violation of the

4   law.  I want you to listen carefully as she does so.

5           Ms. Sherad.

6           **MS. SHERARD:**  Your Honor, on July 29th, 2021, a

7   deputy for the Spartanburg County Sheriff's Office stopped

8   this defendant, Theodore Sims, for speeding and following too

9   closely on Interstate 85.  The deputy could smell marijuana,

10  and Sims admitted that he had smoked marijuana in the car 30

11  minutes prior.  A K-9 also alerted to the vehicle.  A search

12  of the car revealed what appeared to be a kilogram or multiple

13  kilograms of quantities of suspected fentanyl and

14  methamphetamine.  Lab testing confirmed that the substances

15  were at least 400 grams or more of a mixture or substance

16  containing fentanyl, and 50 grams or more of actual

17  methamphetamine.

18          Sims was serving as a drug courier for Defendant

19  Michael Hall and was traveling from Atlanta in tandem with

20  Hall who was nearby in a separate vehicle.  The investigation

21  revealed that Sims made multiple trips where he served as a

22  drug courier for Mr. Hall and traveled in tandem with him.

23  Multiple cooperating witnesses would testify that

24  Defendant Hall supplied them with or directed them to

25  transport large quantities of illegal drugs, including

1  fentanyl and methamphetamine.

2          THE COURT:  All right.  Mr. Hall, did you listen to

3  the information provided regarding your role in this offense?

4          THE CLERK:  Yes, sir.

5          THE COURT:  And do you agree with what the

6  prosecutor says about what you did?

7          THE CLERK:  Yes, sir.

8          THE COURT:  Anything she said that you disagree with

9  or that you want to tell me about at this time?

10          THE DEFENDANT:  No, sir.

11          THE COURT:  All right.  Mr. Brewer, anything else?

12          MR. BREWER:  No, Your Honor.

13          THE COURT:  All right.  Mr. Hall, last chance.  Do

14  you still want to plead guilty?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  All right.  Based upon the information

17  presented, I do find that there is a factual basis for the

18  guilty plea.  I further find that the defendant William

19  Michael Hall's plea of guilty is being made freely,

20  voluntarily, and knowingly, with the advice and assistance of

21  counsel, and is supported by an independent basis in fact

22  containing each of the essential elements of the offense

23  charged.  Accordingly, the defendant William Michael Hall's

24  guilty plea is hereby accepted pursuant to that written plea

25  agreement dated August 22nd, 2023, and is filed with the Court

1  and he is hereby adjudged guilty of the offense as charged.

2         Mr. Hall, I'm going to refer you now to the United

3  States Probation Office for preparation of your presentence

4  report and direct you to cooperate with them for that purpose.

5  Once that report is completed, you and your attorney will be

6  furnished a copy of it as will the government.  You will have

7  an opportunity to review it, to make any objections to it you

8  believe are appropriate, file any motions related to the

9  report for your sentencing that you believe are appropriate,

10  and then we will schedule a sentencing hearing.

11         Do you understand that process?

12         **THE DEFENDANT:**  Yes, sir.

13         **THE COURT:**  All right.  Any questions about

14  anything?

15         **THE DEFENDANT:**  No, sir.

16         **THE COURT:**  Mr. Brewer, anything else?

17         **MR. BREWER:**  Nothing, Your Honor.

18         **THE COURT:**  Ms. Sherad?

19         **MS. SHERARD:**  No, Your Honor.  Thank you.

20         **THE COURT:**  All right.  That will conclude this

21  matter, and Mr. Hall, you'll be remanded to custody pending

22  sentencing.

23         **MR. BREWER:**  Thank you, Judge.

24         (Proceedings were held but not transcribed at this

25  time.)

1    (Court adjourned at 4:21 p.m.)

2

3                         CERTIFICATE

4         I,  Michele E. Becker, certify that the foregoing is

5         a correct transcript from the record of proceedings

6         in the above-entitled matter.

7

8    /s/  Michele E. Becker              Date:  April 9, 2024

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25